UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARBLE BRIDGE FUNDING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATURES OWN PHARMACY, LLC, et al., <br><br> Defendants. | Case No. 5:12-cv-01839-EJD <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 205 |

Presently before the court is Plaintiff Marble Bridge Funding Group's ("MBFG") Motion for Default Judgment against two defendants: (1) Nature's Own Pharmacy, LLC ("NOP"), and (2) Annette Zimmerman aka Anette Zimmerman, aka Marsha Kay Holloway aka Kay Holloway ("Holloway"). Dkt. No. 205. This matter is suitable for decision without oral argument, and the hearing scheduled for August 31, 2017, is VACATED. Civ. L.R. 7-1(b). Having reviewed the relevant pleadings, the court finds, concludes and orders as follows:

1. Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

2. The Ninth Circuit has provided seven factors for consideration by the district court to determine whether to enter a default judgment, known commonly as the Eitel factors. They are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the

Case No.: 5:12-cv-01839-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
1

strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all well-pled factual allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

      3.      On balance, the Eitel factors favor the entry of default judgment.

As to the first factor, denying MBFG's application for default judgment would make little sense since NOP and Holloway have not defended against MBFG's causes of action. The court would hear and review the same evidence it has before it now if MBFG was required to prove up its case at an uncontested trial. For that reason, MBFG would be prejudiced in the form of further delay and expense if the court were to deny the present application. This factor weighs in favor of default judgment.

As to the second and third factors, MBFG's substantive claims appear facially meritorious and the Complaint is sufficient to support a judgment. Additionally, MBFG has stated relevant authority pursuant to which the court may provide relief. These factors also weigh in favor of default judgment.

As to the fourth factor, the sum of money at stake is $2,823,321.56. This amount is significant. See Eitel, 782 F.2d at 1472 (the fact that $2,900,000 was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default). But at the same time, the fraudulent conduct alleged is extensive and involves factoring payments of a defined sum. Notably, the amount of alleged payments has not been disputed. All things considered, the amount requested does not weigh strongly against entry of default judgment.

As to the fifth factor, there is no dispute of material fact. Indications there is a dispute of material fact can weigh against entry of default judgment. Id. at 1471-72. But here, neither NOP nor Holloway has disputed any of MBFG's factual contentions.

For the sixth factor, it is unlikely that default was the result of excusable neglect. This action was filed in 2012. NOP and Holloway were served with process and initially responded to

Case No.: 5:12-cv-01839-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

2

the Complaint, but later abandoned their defense. NOP and Holloway were also served with copies of the instant motion and its supporting materials, but did not submit a response. Dkt. No. 208. This factor, therefore, weighs in favor of default judgment.

Finally, the seventh factor weighs in favor of default judgment because "although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where defendants refuse to litigate." J & J Sports Prods, Inc. v. Concepcion, No. 10-CV-05092, 2011 U.S. Dist. LEXIS 60607, at *5, 2011 WL 2220101 (N.D. Cal. June 7, 2011). Thus, the general policy in favor of merits decisions is outweighed by the specific considerations made in this case.

Based on the foregoing, the Motion for Default Judgment against NOP and Holloway (Dkt. No. 205) is GRANTED.

The court notes, however, that this motion does not appear to resolve all claims against all defendants named in this action. Thus, on or before **September 1, 2017**, MBFG shall file a brief statement indicating how and when those remaining claims will be resolved, or whether they have already been resolved. Entry of judgment against NOP and Holloway is deferred pending receipt of the statement.

**IT IS SO ORDERED.**

Dated: August 28, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-01839-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
3